UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CDX DIAGNOSTIC, INC., SHARED MEDICAL
RESOURCES, LLC, and CDx MEDICAL IP, INC.,

Plaintiffs,

-against-

UNITED STATES ENDOSCOPY GROUP, INC. and,
JOHN DOES 1-30,

Defendants.

13-cv-5669 (NSR)

OPINION & ORDER

---

NELSON S. ROMÁN, United States District Judge

Plaintiffs CDx Diagnostic, Inc., Shared Medical Resources, LLC, and CDx Medical IP, Inc. (collectively, "Plaintiffs") commenced this action on August 13, 2013 by filing a Summons and Complaint against Defendant United States Endoscopy Group, Inc. ("Defendant") and several John Does. (*See* ECF No. 1.) In sum, Plaintiffs allege that Defendant and the unidentified John Does infringed on several of Plaintiffs' patents when they manufactured various products. (*See* ECF No. 1, 11-19.) Presently before the Court is Defendant's Motion to Dismiss for Improper Venue pursuant to Federal Rule of Civil Procedure 12(b)(3) ("Defendant's Motion"). (*See* ECF No. 60.) For the following reasons, Defendant's Motion is GRANTED.

## BACKGROUND

### I. Factual Background

The Court assumes the parties' familiarity with the facts of this case.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE: 5/24/2018

## II. **Procedural Background**

After this Court granted a partial Judgment dismissing a number of Plaintiff's claims for patent infringement on March 21, 2017, (*see* ECF No. 40), the case was referred to Magistrate Judge Judith C. McCarthy so that the parties could engage in discovery. (*See* ECF No. 42.)

During discovery, Defendant made an application to this Court for leave to file a motion to dismiss for improper venue in light of a recent Supreme Court ruling which purportedly narrowed the scope of venue in patent cases. (*See* ECF No. 53.) The parties briefed the issues and the motion was submitted for this Court's consideration on August 25, 2017. (*See* ECF Nos. 60-65.) While the motion was pending, the law continued to develop in this area, prompting both parties to submit additional papers for this Court's consideration on September 25, 2017 and October 25, 2017. (*See* ECF Nos. 67-69.)

By letter dated May 23, 2018, (*see* ECF No. 70), Plaintiffs made an application to withdraw their opposition to Defendant's Motion and consent to the relief requested by Defendant, namely a dismissal without prejudice. (*Id.*)

**STANDARD OF REVIEW**

On a motion to dismiss for improper venue, Plaintiff bears the burden of demonstrating that venue is proper. *Detroit Coffee Co., LLC v. Soup for You, LLC*, No. 16-CV-9875(JPO), 2018 WL 941747, at *1 (S.D.N.Y. Feb. 16, 2018). In the absence of an evidentiary hearing on the issue, "plaintiff need only make a *prima facie* showing." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005) (alterations in original) (internal quotation marks omitted). The Court "must view all facts in the light most favorable to the non-moving party." *Id.* (internal quotation marks omitted) (quoting *TradeComet.com LLC v. Google, Inc.*, 647 F.3d 472, 475 (2d Cir. 2011)).

## DISCUSSION[1]

Defendant moves to dismiss this case for improper venue, primarily arguing that despite Defendant's sales of the allegedly infringing product into the Southern District of New York (this "District"), without facts demonstrating that Defendant has a regular and established place of business within this District, venue is not proper. (*See* Defendant's Brief in Support of its Motion ("Def. Br.") (ECF No. 61), at 1.) Plaintiffs initially opposed the motion and argued that Defendant waived the improper venue defense, (*see* Plaintiffs' Brief in Opposition to Defendant's Motion ("Plfs. Br.") (ECF No. 62), at 1-3), then subsequently sought to withdraw their opposition, (*see* ECF No. 70.) This Court agrees that venue in this District is improper.

Venue for purposes of patent cases is governed by 28 U.S.C. § 1400(b). *See* 28 U.S.C. § 1400(b). The statute states that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement *and* has a regular and established place of business." *Id.* Moreover, a domestic corporation resides in its "state of incorporation only," *Fourco Glass Co. v. Transmirra Prod. Corp.*, 353 U.S. 222, 226 (1957), a definition that was not supplanted by amendments to the general venue statute, 28 U.S.C. § 1391(c)." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S.Ct. 1514, 1517 (2017).

Prior to *TC Heartland*, there was some question on whether § 1400(b) was supplanted by Congress's amendment of the general venue statute in 1988, which, amended, states that "a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." *TC Heartland*, 137 S.Ct. at 1519 (quoting Judicial Improvements and Access to Justice Act, § 1013(a), 102 Stat. 4669.) The Federal Circuit,

---

[1] Considering Plaintiff's recent application consenting to a dismissal, the Court need not provide an extensive analysis of whether venue is proper; nevertheless, a brief overview is warranted.

to which all courts must turn to matters of patent law, held it did, in light of the phrase "[f]or purposes of venue under this chapter" and the fact that §1400 was within the same "chapter" as the amended general venue statute. *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1579-80 (Fed. Cir. 1990). That was the prevailing interpretation until it was completely upended by *TC Heartland*, wherein the Court held that the 1988 amendment had no impact on §1400(b), which is made particularly clear by another Congressional amendment in 2011 which added "except as provided by law" and the precept that Congress "placed patent infringement cases in a class by themselves, outside the scope of general venue legislation." *TC Heartland*, 137 S.Ct. at 1518, 1520-21. Consequently, the Court reaffirmed its holding in *Fourco* that a domestic corporation's residence for purposes of patent venue is *only* the State in which it was incorporated. *See TC Heartland*, 137 S.Ct. at 1517.

Plaintiffs acknowledge that Defendant is incorporated in Ohio, (*see* Plf. Br., at 3-4); thus, venue is only proper if Defendant committed acts of infringement in this District *and* has a regular and established place of business herein, 28 U.S.C. § 1400(b). In light of Defendant's concession that it sold the allegedly infringing products in this District, (*see* Def. Br., at 1), the Court need only resolve the latter half of that inquiry.[2] In September of 2017, the Federal Circuit articulated a test for determining the existence of a "regular and established place of business." *See In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). The Cray test requires a Plaintiff to show that: (1) there is "a physical place in the district; (2) it must be a regular and established place of

---

[2] The Court need not linger on the question of waiver. It is evident that prior to *TC Heartland*, filing a motion for improper venue based on an argument that Defendant was not incorporated in New York, would have been in direct contravention of Federal Circuit law. Where "the defense or objection a party is seeking to raise was not 'available to the party' at that earlier time then the defense or objection is not waived." *See Jenny Yoo Collection, Inc. v. Wattes Design Inc.*, Nos. 16-CV-2205(VSB), 16-CV-2647(VSB), 16-CV-3640(VSB), 2017 WL 4997838, at *5 (S.D.N.Y. Oct. 20, 2017) (citing Fed. R. Civ. P. 12(g)(2)). Before *TC Heartland*, the defense of improper waiver on these grounds was simply unavailable to Defendant, due to *VE Holding*; it was not waived.

4

business; and (3) it must be the place of the defendant." *Id.*; *Peerless Network, Inc. v. Blitz Telecom Consulting, LLC*, No. 17-CV-1725 (JPO), 2018 WL 1478047, at *2 (S.D.N.Y. Mar. 26, 2018).

Plaintiffs cannot meet this burden because they cannot demonstrate the second prong of the test. First, the storage units identified by Plaintiffs are likely "physical places in the district" prong, insofar as they are "building[s] or []part[s] of a building set apart for any purpose." *Peerless*, 2018 WL 1478047, at * (quoting *Cray*, 871 F.3d at 1362). Plaintiffs also demonstrated that Defendant pays for these storage units, (*see* Plfs. Br., at 8), leading to a conclusion that the storage units are "of the defendant", *see In re ZTE (USA) Inc.*, -- F.3d --, No. 2018-113, 2018 WL 2187782, at *6 (Fed. Cir. 2018); *Peerless*, 2018 WL 1478047, at *3. Nevertheless, the storage units are not "regular and established places of business", because Plaintiffs have failed to demonstrate that Defendant "actually engage[s] in business *from* [either] location." *Peerless*, 2018 WL 1478047, at *4 (emphasis added). The question is whether the storage units are "location[s] at which one carries on a business." *Id.* at 4. They are not. While Defendant's customer service reps may "typically" retrieve materials from the storage units to visit customers within this District, (*see* ECF No. 68, at 5), no "employee or agent of [Defendant actually] conduct[s] business at" the storage units, whatsoever, *Peerless*, 2018 WL 1478047, at * 4. Venue is improper.

## CONCLUSION

In light of the foregoing, and importantly, Plaintiffs' withdrawal of their opposition and consent to a dismissal without prejudice, this Court GRANTS Defendant's Motion and hereby dismisses the Complaint without prejudice. Plaintiffs are permitted to refile in the appropriate venue in compliance with the mandates of 28 U.S.C. § 1400(b). The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 60 and terminate the action.

Dated: May 24, 2018  
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge